UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAUL HANDELSMAN, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> COMMISSIONER OF SOCIAL : <br> SECURITY, : <br> : <br> Defendant. : | Civil Action No. 08-675 (SRC) <br><br> **ORDER** |

**CHESLER**, District Judge

  This matter comes before the Court on the motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, by Plaintiff Saul Handelsman. Pursuant to Fed. R. Civ. P. 78, the Court did not hear oral argument. After considering the submissions of the parties, and based upon the following, Plaintiff's application for attorney's fees is **GRANTED** in part and **DENIED** in part.

  In brief, the background to this motion is as follows. Plaintiff appealed the final decision of the Commissioner of Social Security ("Commissioner") determining that Saul Handelsman is not eligible for benefits under the Social Security Act ("the Act"). Plaintiff did not file the statement required by L. Civ. R. 9.1(2), but filed an opening brief in support of his appeal as well as a reply brief. The Commissioner submitted an opposition brief. On October 6, 2008, this Court ordered rebriefing of the appeal, noting the fact that Plaintiff's opening brief appeared to have been copied from a brief used in a previous appeal, and that the opening brief did not address the decision that Plaintiff was appealing. Plaintiff rebriefed the opening brief, and the Commissioner rebriefed the opposition brief. On December 29, 2008, this Court issued a

decision in Plaintiff's favor. Plaintiff subsequently filed the instant motion for attorney's fees in the amount of $7679.70. Defendant has opposed this motion, arguing that the amount of fees is excessive.

Defendant argues on four grounds that the fee request is excessive: 1) Plaintiff billed three hours for a statement, pursuant to L. Civ. R. 9.1(2), that was never filed or submitted in this case; 2) Plaintiff billed ten hours for preparation of the initial opening brief, which appeared to this Court to have been largely copied from previous work; 3) Plaintiff billed five hours and then four more hours for research and writing on dates after submission of the initial opening brief but prior to October 6, 2008, when no substantial legal work should have been required on the case; and 4) because Plaintiff submitted an initial brief that necessitated that Defendant provide a second round of briefing, this constitutes "special circumstances," pursuant to 28 U.S.C. § 2412(d)(1)(a), that make an award unjust.

Plaintiff responds: 1) the first point is conceded and the request for three hours for the statement pursuant to L. Civ. R. 9.1(2) is withdrawn; 2) Plaintiff billed no time related to the submission of the initial opening brief; 3) as to the matter of the nine hours billed on improbable dates, Plaintiff states: "[T]ime worked may not be billed on the same day it is done" (Pl.'s Reply Br. 2); and 4) the reuse of previous work product did not cause the government to expend extra time. Significantly, Plaintiff's counsel does concede "trying to utilize the previous brief." (Id. at 3.)

The party seeking attorney's fees bears the burden of proving the reasonableness of its request. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). Plaintiff has not persuaded this Court that the request is entirely reasonable.

To meet its burden, Plaintiff must "submit evidence supporting the hours worked and rates claimed." Id.  If a party challenges the fee request, it must identify the portion of the fee request being challenged and state the ground for the challenge.  Bell v. United Princeton Properties, 884 F.2d 713, 715 (3d Cir. 1989).  The court possesses wide discretion "in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse parties." Id. at 721.  A court may not award less in fees than requested unless the opposing party makes specific objections to the fee request.  U.S. v. Eleven Vehicles, 200 F.3d 203, 211 (3d Cir. 2000).

Plaintiff has withdrawn the request for an award for three hours billed, reducing the request to 43 hours at $166.95 per hour.  Plaintiff fails to meet his burden of proving the reasonableness of the other nineteen hours of billing disputed by Defendant.  Neither Plaintiff's bill nor his subsequent explanation persuade this Court that Plaintiff's attorney provided compensable legal services on the dates claimed for these nineteen hours.  Moreover, as to Plaintiff's contention that the bill may not reflect the date on which the work was actually done, this Court cannot accept such a position, as it would be tantamount to agreeing that parties need not bill accurately.  This Court does not find that incorrect bills meet the burden of proving the reasonableness of the request.

Plaintiff has not proven the reasonableness of nineteen of the hours billed.  This Court reduces the award from the requested 43 hours to 24 hours, billed at the rate of $166.95 per hour, for a total of $4006.80.  Plaintiff's motion for attorney's fees will be granted in part and denied in part, and Plaintiff's attorney will be awarded $4006.80.

For these reasons,

**IT IS ON THIS** 31st DAY OF March, 2009

**ORDERED** that Plaintiff's motion for attorney's fees (Docket Entry No. 19), pursuant to 28 U.S.C. § 2412, is **GRANTED**; and it is further

**ORDERED** that Defendant shall pay attorney's fees and costs to Plaintiff's attorney, Gregg M. Hobbie, Esq., in the amount of $4006.80.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.